**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHANE J. HARDYMON, | ) | CASE NO.: 1:22-cv-00724-SO |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| | ) | |
| | ) | **SEPARATE ANSWER OF** |
| SHERIFF SCOTT M. KENT, et al., | ) | **DEFENDANTS, AVITA HEALTH** |
| | ) | **SYSTEM, AVITA ONTARIO HOSPITAL,** |
| Defendants. | ) | **AND MICHAEL P. DAVIS, MD TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |

Now come the Defendants, Avita Health System, Avita Ontario Hospital, and Michael P. Davis, MD, by and through counsel, Reminger Co., L.P.A., and hereby Answer Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Defendants deny any allegations of unnecessary or excessive force. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny same for want of knowledge.

2. Defendants deny any allegations of inadequate medical care, medical malpractice, or proximate cause. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore deny same for want of knowledge.

3. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore deny same for want of knowledge.

**PARTIES, JURISDICTION, AND VENUE**

4. Defendants incorporate by reference herein the responses to Paragraphs 1 through 3 of Plaintiff's Complaint as if fully rewritten herein.

5. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore deny same for want of knowledge.

6. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore deny same for want of knowledge.

7. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore deny same for want of knowledge.

8. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore deny same for want of knowledge.

9. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore deny same for want of knowledge.

10. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore deny same for want of knowledge.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore deny same for want of knowledge.

12. Defendants, Avita Health System and Avita Ontario Hospital, admit they are entities organized under the laws of the state of Ohio who employ physicians, nurses, technicians, and other medical care providers. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore deny same for want of knowledge.

13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore deny same for want of knowledge.

14. Defendant, Michael P. Davis, MD, admits he is a physician licensed to practice medicine in the State of Ohio. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore deny same for want of knowledge.

15. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore deny same for want of knowledge.

16. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore deny same for want of knowledge.

17. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore deny same for want of knowledge.

18. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore deny same for want of knowledge.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore deny same for want of knowledge.

20. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore deny same for want of knowledge.

## FACTUAL ALLEGATIONS

21. Defendants incorporate by reference herein the responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully rewritten herein. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore deny same for want of knowledge.

22. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore deny same for want of knowledge.

23. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore deny same for want of knowledge.

24. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore deny same for want of knowledge.

25. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore deny same for want of knowledge.

26. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore deny same for want of knowledge.

27. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore deny same for want of knowledge.

28. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore deny same for want of knowledge.

29. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore deny same for want of knowledge.

30. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore deny same for want of knowledge.

31. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore deny same for want of knowledge.

32. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore deny same for want of knowledge.

33. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore deny same for want of knowledge.

34. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore deny same for want of knowledge.

35. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore deny same for want of knowledge.

36. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore deny same for want of knowledge.

37. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore deny same for want of knowledge.

38. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore deny same for want of knowledge.

39. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore deny same for want of knowledge.

40. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore deny same for want of knowledge.

41. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore deny same for want of knowledge.

42. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore deny same for want of knowledge.

43. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore deny same for want of knowledge.

44. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and therefore deny same for want of knowledge.

45. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint and therefore deny same for want of knowledge.

46. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore deny same for want of knowledge.

47. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint and therefore deny same for want of knowledge.

48. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore deny same for want of knowledge.

49. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore deny same for want of knowledge.

50. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint and therefore deny same for want of knowledge.

51. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore deny same for want of knowledge.

52. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore deny same for want of knowledge.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint and therefore deny same for want of knowledge.

55. Defendant, Michael P. Davis, MD, admits he was employed by Avita Health System. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint and therefore deny same for want of knowledge.

56. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiff's Complaint and therefore deny same for want of knowledge.

57. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore deny same for want of knowledge.

58. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Plaintiff's Complaint and therefore deny same for want of knowledge.

59. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore deny same for want of knowledge.

60. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiff's Complaint and therefore deny same for want of knowledge.

61. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiff's Complaint and therefore deny same for want of knowledge.

62. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Complaint and therefore deny same for want of knowledge.

63. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint and therefore deny same for want of knowledge.

64. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiff's Complaint and therefore deny same for want of knowledge.

65. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint and therefore deny same for want of knowledge.

66. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore deny same for want of knowledge.

## **FIRST CAUSE OF ACTION**
### (**Excessive Use of Force**)

67. Defendants incorporate by reference herein the responses to Paragraphs 1 through 66 of Plaintiff's Complaint as if fully rewritten herein.

68. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint and therefore deny same for want of knowledge.

69. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint and therefore deny same for want of knowledge.

70. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint and therefore deny same for want of knowledge.

71. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint and therefore deny same for want of knowledge.

72. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiff's Complaint and therefore deny same for want of knowledge.

73. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiff's Complaint and therefore deny same for want of knowledge.

74. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiff's Complaint and therefore deny same for want of knowledge.

75. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of Plaintiff's Complaint and therefore deny same for want of knowledge.

## SECOND CAUSE OF ACTION
**(Deliberate Indifference – Failure to Provide Adequate Medical Care)**

76. Defendants incorporate by reference herein the responses to Paragraphs 1 through 75 of Plaintiff's Complaint as if fully rewritten herein.

77. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Complaint and therefore deny same for want of knowledge.

78. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Complaint and therefore deny same for want of knowledge.

79. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of Plaintiff's Complaint and therefore deny same for want of knowledge.

80. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Complaint and therefore deny same for want of knowledge.

## THIRD CAUSE OF ACTION
### (Municipal Liability; Failure to Adequately Train and Supervise)

81. Defendants incorporate by reference herein the responses to Paragraphs 1 through 80 of Plaintiff's Complaint as if fully rewritten herein.

82. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint and therefore deny same for want of knowledge.

83. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint and therefore deny same for want of knowledge.

84. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiff's Complaint and therefore deny same for want of knowledge.

85. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiff's Complaint and therefore deny same for want of knowledge.

86. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiff's Complaint and therefore deny same for want of knowledge.

87. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of Plaintiff's Complaint and therefore deny same for want of knowledge.

88. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of Plaintiff's Complaint and therefore deny same for want of knowledge.

89. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of Plaintiff's Complaint and therefore deny same for want of knowledge.

90. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint and therefore deny same for want of knowledge.

### THIRD CAUSE OF ACTION
### (Medical Negligence)

91. Defendants incorporate by reference herein the responses to Paragraphs 1 through 90 of Plaintiff's Complaint as if fully rewritten herein.

92. Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint and therefore deny same for want of knowledge.

94. Defendants deny that they failed to properly diagnose the Plaintiff. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 of Plaintiff's Complaint and therefore deny same for want of knowledge.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants admit that they took on the responsibility for caring and treating the Plaintiff. Defendants deny the remaining allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny any allegations of negligence or proximate cause. Further answering, Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of Plaintiffs' Complaint and therefore deny same for want of knowledge.

101. Defendants deny each and every allegation contained in Plaintiffs' Complaint unless otherwise herein admitted to be true.

## AFFIRMATIVE DEFENSES

1. One or more of Plaintiff's claims are barred by the applicable statute of limitations set forth in O.R.C. § 2305.113, and/or the doctrine of waiver, estoppel or laches.

2. One or more of Plaintiff's claims are barred by the applicable statute of repose set forth in O.R.C. § 2305.113.

3. Plaintiffs lack a reasonable good faith basis to bring this medical claim, thereby entitling Defendants to an award of attorney's fees and costs against Plaintiffs as provided by O.R.C. § 2323.42.

4. If Plaintiffs sustained any of the injuries or damages alleged in their Complaint, such injuries and damages were caused, or were contributed to, by Plaintiff's own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiff's claims, or entitles Defendants to a reduction in damages. (O.R.C. § 2307.22, O.R.C. § 2315.32 *et seq*.)

5. The injuries or damages of which Plaintiffs complains are attributable to one or more persons from whom the Plaintiffs does not seek recovery in this action. (O.R.C. § 2307.23(C)).

6. All or part of the injuries or damages alleged in Plaintiff's Complaint were caused by the acts and omissions of another or others, whose conduct this answering Defendant had no

reason to anticipate and for whose conduct these answering Defendants are and were not responsible. (O.R.C. § 2307.22 *et seq.*)

7. One or more of Plaintiff's claims for damages are subject to the limits on certain types of damages, and this court is without jurisdiction to enter judgment for Plaintiffs beyond the limitations set forth in O.R.C. § 2323.43.

8. Defendants, Avita Health System, Avita Ontario Hospital, and Michael P. Davis, MD, were accredited by one or more organizations specified in O.R.C. § 2305.251 (B) at the time of the events recited in Plaintiff's Complaint.

9. AM. Sub S.B. 281 and/or Am. Sub S.B. 120, and/or S.B. 179, now codified in various sections throughout the Ohio Revised Code, bar or limit one or more of the Plaintiff's claims.

10. One or more of the claims in Plaintiff's Complaint are limited by the provisions of S.B. 86.

11. Some or all of the Plaintiff's claims for future medical care, if any, are limited by the Patient Protection and Affordable Care Act, 42 USC § 18001 et seq. and/or applicable case law.

12. Plaintiffs lack standing and/or capacity to sue.

13. This court lacks jurisdiction under Ohio Civ.R. 10(D).

14. Plaintiff's claim for punitive damages is barred or limited by R.C. 2315.21.

15. Defendants were not acting under the color of state law.

16. Defendants assert the affirmative defense of qualified immunity.

17. Defendants reserve the right to supplement these affirmative defenses as discovery proceeds.

15

Respectfully submitted,

*/s/ Michael P. Murphy*
MICHAEL P. MURPHY (0065898)
ALEXANDRIA M. ESPOSITO (0099740)
REMINGER CO., L.P.A.
154 Columbus Avenue
Sandusky, Ohio 44870
Phone: (419) 609-1311
Fax:     (419) 626-4805
E-Mails:  mmurphy@reminger.com
                aesposito@reminger.com

Counsel for Defendants Avita Health System, Avita Ontario Hospital, and Michael P. Davis, MD

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

*/s/ Michael P. Murphy*
MICHAEL P. MURPHY (0065898)
ALEXANDRIA M. ESPOSITO (0099740)
REMINGER CO., L.P.A.
154 Columbus Avenue
Sandusky, Ohio 44870
Phone: (419) 609-1311
Fax:     (419) 626-4805
E-Mails:  mmurphy@reminger.com
                aesposito@reminger.com

Counsel for Defendants Avita Health System, Avita Ontario Hospital, and Michael P. Davis, MD

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2022, the foregoing **Separate Answer of Defendants Avita Health System, Avita Ontario Hospital, and Michael P. Davis, MD to Plaintiff's Complaint** was sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Billi F. Copeland<br>King Law<br>1481 South Hawkins Avenue<br>Akron, OH 44320<br>Email: info@billicopeland.com | Counsel for Plaintiffs |
| Rebecca J. Sremack<br>2745 South Arlington Road<br>Akron, OH 44312<br>Email: rebecca@sremacklaw.com | |
| Helen K. Sudhoff<br>Fishel Downey Albrecht & Riepenhoff<br>Ste. 200<br>7775 Walton Parkway<br>New Albany, OH 43054<br>Email: hsudhoff@fisheldowney.com | Counsel for Defendants Scott M. Kent, Board of Commissioners of Crawford County, Ohio, Sergeant Tyson Estrada, Deputy Brandon M.A. Cottrill, Deputy Cory J. Geyer, Daniel J. Williamson and Administrator Kent Rachel |
| Stephanie L. Schoolcraft<br>Fishel Downey Albrecht & Riepenhoff<br>Ste. 200<br>7775 Walton Parkway<br>New Albany, OH 43054<br>Email: sschoolcraft@fisheldowney.com | |

Respectfully submitted,

*/s/ Michael P. Murphy*
MICHAEL P. MURPHY (0065898)
ALEXANDRIA M. ESPOSITO (0099740)
REMINGER CO., L.P.A.

Counsel for Defendants Avita Health System, Avita Ontario Hospital, and Michael P. Davis, MD

17